# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 5, 2006

## STATE OF TENNESSEE v. CHARLES E. HARRISON

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15903     Lee Russell, Judge**

---

### No. M2006-01248-CCA-R3-CD - Filed April 25, 2007

---

The defendant, Charles E. Harrison, waived his right to a jury and proceeded with a bench trial. The trial court found the defendant guilty of theft of property over $1000 (Class D felony), Driving Under the Influence (D.U.I.) fourth offense (Class E felony), driving on a revoked license (Class A misdemeanor), and violation of the implied consent law (Class A misdemeanor). The trial court sentenced the defendant to an effective sentence of seven years and six months. The defendant received six years and six months as a Range II offender for the theft conviction; eleven months and twenty-nine days for the D.U.I. conviction; eleven months and twenty-nine days for the driving on a revoked license conviction; and five days for violation of the implied consent law. The misdemeanor sentences were imposed concurrently with each other but consecutively to the felony conviction. At the sentencing hearing, the D.U.I. fourth offense conviction was amended to D.U.I. third offense (Class A misdemeanor).[1] The defendant challenges only the sufficiency of the evidence to support the theft conviction, contending that the State failed to prove the defendant intended to deprive the owner of his property. We conclude that sufficient evidence was presented to support the theft conviction beyond a reasonable doubt. We affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Donna L. Hargrove, District Public Defender, and Andrew J. Dearing, III, Assistant Public Defender, for the appellant, Charles E. Harrison.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William M. McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] The record is unclear in its explanation of why the D.U.I. fourth offense was reduced to a D.U.I. third offense.

**OPINION**

This case involves the defendant taking a 1992 Ford F-250 truck from the owner, a former employer. On appeal, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Accordingly, we will not reweigh the evidence, but, instead, we will presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility are resolved by the trier of fact. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Although the defendant was convicted in a bench trial, the findings of the trial judge carry the same weight as a jury verdict. State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999).

The defendant was convicted of theft over $1000. "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. To "deprive" means to:

    (A)    Withhold property from the owner permanently or for such a period of time as to substantially diminish the value or enjoyment of the property to the owner;

    (B)    Withhold property or cause it to be withheld for the purpose of restoring it only upon payment of a reward or other compensation; or

    (C)    Dispose of property or use it or transfer any interest in it under circumstances that make its restoration unlikely.

T.C.A. § 39-11-106(a)(8).

In the instant case, the amount of the theft is not at issue. The owner testified that the value of the 1992 Ford F-250 truck was approximately $5000. He said that he recently replaced the truck's motor at a cost of $5000. The defendant had previously worked for the owner but was not working for him at the time of the offense. The defendant concedes that he obtained and exercised control over the property without permission. The owner saw the defendant driving the truck and followed him until the defendant drove the truck into a ditch. The owner waited until the police arrived while the defendant remained in the vehicle.

Next, we review the evidence presented to determine what a trier of fact could infer about the defendant's intent from the facts and circumstances surrounding his actions. At trial, the defendant admitted taking the vehicle without the owner's knowledge or consent at approximately 4:00 a.m. Approximately three hours later, the defendant was confronted by the owner, a former employer. The defendant sped away in an attempt to escape. The owner followed until the defendant drove the truck into a ditch. Officers arrived and found the defendant intoxicated and also found his belongings in the truck. The magnetic signs, which advertised the owner's construction company, had been removed from the truck. At trial, the defendant admitted that he told the police that a man named Randy picked him up at the hospital and left the truck with him. The trial court

heard the testimony of all witnesses and reviewed a video tape of both the defendant's arrest and his subsequent actions at the police department, which included his refusal to take a Breathalyzer test. The trial court concluded that the defendant's stories were not believable, which, as the trier of fact, was its prerogative.

After viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

## Conclusion

We conclude sufficient evidence was present to establish all elements of the offense of theft over $1000, and we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE